IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRAIG BUCKNER,            )
    Plaintiff,            )   Civil Action No. 13-327 Erie
                          )
v.                        )
                          )   Magistrate Judge Susan Paradise Baxter
TERRY DOUGLASS, et al.,   )
    Defendants.           )

# OPINION AND ORDER[1]

Presently before the Court are cross-motions for summary judgment. For the reasons set forth below, Defendants' motion for summary judgment (ECF No. 61) is granted and Plaintiff's motion for summary judgment (ECF No. 55) is denied.

## I.

### A.    Relevant Procedural History

Plaintiff commenced this action in October 2013 by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. He filed an amended complaint (ECF No. 33) in February 2015 in which he claims that from February 11, 2013 to March 22, 2013, he was deprived of his liberty because the Pennsylvania Board of Probation and Parole (the "Board") failed to lift a detainer in a timely fashion. He named as defendants the following members of the Board at the time of the events in question: Lloyd White, Charles Fox, Michael Green, Jeffrey Imboden, Matthew Mangino, John Tuttle and Judith Vogilone Marshal. He also named as defendants Michael Davis, who is a Board Parole Agent, and Terry Douglas, who is employed by the Department of Corrections ("DOC") as a Records Specialist. Plaintiff seeks compensatory damages in the amount of $2,000 to $4,000 for the days he spent incarcerated from

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

February 11, 2013 to March 22, 2013, and punitive damages in the amount of $50,000 against each defendant. (ECF No. 33, ¶¶ 35-46; ECF No. 55 at 11).

The Defendants filed an answer to the amended complaint. (ECF Nos. 37, 46). The parties have completed discovery and have filed their cross-motions for summary judgment. (ECF Nos. 55, 61). The summary judgment issues are fully briefed and the motions are ripe for disposition by this Court.

**B.** **Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting F.R.Civ.P. 56).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has

2

no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, ... the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, No. 09-3853, 2010 WL 2089639, at * 1 (3d Cir. 2010) (quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.")).

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the

evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

**C.  Relevant Factual History**

On August 31, 2007, Plaintiff was sentenced in the Court of Common Pleas of Erie County on his convictions of possessing instruments of crime and making terroristic threats with the intent to terrorize another. (Sentence Status Summary Sheet, Def's Ex. 1, ECF No. 64-1 at 2). The criminal proceedings for those judgments of sentences occurred at CP-25-CR-2237-2005 and CP-25-CR-1177-2005 and shall be referred to collectively as "Criminal Case No. 1." He entered the custody of the Pennsylvania Department of Corrections (the "DOC") on September 11, 2007. (Inmate Moves Report, Def's Ex. 10, ECF No. 64-2 at 2). Plaintiff's controlling maximum sentence for Criminal Case No. 1 was initially calculated to expire on February 11, 2013. (Sentence Status Summary Sheet, Def's Ex. 1, ECF No. 64-1 at 2).

The Board paroled Plaintiff on October 22, 2009, to a community corrections center. At the time of his parole, 1208 days remained on his sentence. (Id. at 2-5). On February 2, 2010, he was released to an approved home plan and placed under the supervision of Defendant Davis, a parole agent. (Order to Release on Parole, Def's Ex. 12, ECF No. 64-2 at 8; Davis Decl., Def's Ex. 19, ¶ 2, ECF No. 64-2 at 24).

On June 29, 2010, Plaintiff was arrested on the charges of rape, unlawful restraint, terroristic threats, possessing instruments of a crime, simple assault, intent to possess a controlled substance, and sexual assault. (Criminal Docket, Def's Ex. 3, ECF No. 64-1 at 15). This criminal case proceeded in the

Court of Common Pleas of Erie County at Criminal Docket No. CP-25-CR-2282-2010 and shall be referred to as "Criminal Case No. 2."

On the date of his arrest (June 29, 2010), Plaintiff's bail was set in Criminal Case No. 2 at $100,000. He did not post bail and remained in prison. (Criminal Docket, Def's Ex. 3, ECF No. No. 64-1 at 15). On that same day, the Board also issued a warrant to commit and detain. (Warrant to Commit and Detain, Def's Ex. 13, ECF No. 64-2 at 10).

On September 1, 2011, Plaintiff entered a *nolo contendre* plea at Criminal Case No. 2 and the court sentenced him to a term of imprisonment. (Criminal Docket, Def's Ex. 3, ECF No. 64-1 at 16). On November 14, 2011, the Board issued a decision in which it recommitted Plaintiff to the DOC as a "Convicted Parole Violator" to serve 24 months of backtime. (11/14/11 Board Decision, Pl.'s Ex. at ECF No. 55-1 at 21).

Plaintiff challenged his judgment of sentence in Criminal Case No. 2 in a direct appeal to the Superior Court of Pennsylvania. On October 2, 2012, the Superior Court issued a decision in which it held that the trial court abused its discretion in denying Plaintiff's presentence motion to withdraw his plea. Accordingly, it "vacate[d] the judgment of sentence and *remand[ed] for further proceedings*." (10/2/12 Sup.Ct. Decision, Pl.'s Ex. at ECF No. 55-1 at 6 (emphasis added)). The Commonwealth filed an application for reargument, which the Superior Court denied on December 13, 2012. (12/13/12 Sup.Ct. Order, Pl.'s Ex. at ECF No. 55-1 at 4).

On January 24, 2013, by which point Plaintiff's appeal had become final, the Superior Court remitted Plaintiff's case back to the trial court. The docket sheet in Criminal Case No. 2 reflects that his conviction was listed as vacated on that date and the trial court scheduled a remand hearing. (Criminal Docket, Def.'s Ex. 3, ECF No. 64-1 at 17, 32).

On February 5, 2013, Plaintiff, who was incarcerated at SCI Somerset, submitted an Inmate Request to Defendant Douglas, who is the Records Specialist at SCI Somerset. Plaintiff explained:

> I was recently made aware that my new conviction at [Criminal Case No. 2] has been vacated. This was the only reason I was brought back to SCI as [a parole violator]. I had no [technical violations] as of 10-2-12. My conviction was vacated. I have the paperwork and I am in the process of getting my attorney to send this paperwork to the proper people. I['m] asking you to do what you can in the meantime because [without] a conviction or any technical violation my original maximum date [in Criminal Case No. 1] is 2-11-13. I'm trying to expedite the process of getting my original maximum date restored.

(2/5/13 Inmate Request, Pl.'s Ex. at ECF No. 55-1 at 8).

Defendant Douglas received and responded to Plaintiff's Inmate Request on February 7, 2013. A sentence can be changed only when the DOC receives sealed official court orders indicating an inmate's sentence and Defendant Douglas has no power to change Plaintiff's sentenced based upon information provided by him alone. (Def.'s Ex. 18, Douglas Decl., ¶¶ 4-7, ECF No. 64-2 at 21-22). See also Armbruster v. Pennsylvania Bd. of Prob. and Parole, 919 A.2d 348, 355 (Pa.Commw. 2007). Therefore, Defendant Douglas explained to Plaintiff that "[w]e cannot do anything regarding your case at [Criminal Docket No. 2] until we receive sealed paperwork from the court." (2/5/13 Inmate Request, Pl.'s Ex. at ECF No. 55-1 at 8).

On February 13, 2013, the trial court forwarded the official copies of the Superior Court's order to Plaintiff, SCI Somerset, and the Board. (Criminal Docket, Def.'s Ex. 3, ECF No. 64-1 at 32). Around two days earlier, on or around February 11, 2013, Plaintiff had filed a grievance at SCI Somerset in which he contended that he "should be released immediately." He asserted that because his judgment of sentence at Criminal Case No. 2 was vacated, he was no longer a Convicted Parole Violator and, therefore, his maximum sentence date on Criminal Conviction No. 1 should revert to its original calculation date of February 11, 2013. (Grievance, Pl.'s Ex. at ECF No. 55-1 at 10). By

6

February 19, 2013, the DOC had received the official copy of the Superior Court's order and L. Bloom, the Records Supervisor at SCI Somerset, responded: "The Department of Corrections is aware that the Judgment of Sentence was vacated and *remanded for further processing*, however, at present, [Plaintiff] is being held in DOC custody based solely on the information provided by the Parole Board. Any future concerns regarding this issue should be addressed to the Parole Board." (2/19/13 Initial Review Response, Pl's Ex. at ECF No. 55-1 at 14 (emphasis in original)). On that same date, the DOC released Plaintiff to the custody of local authorities pursuant to a writ of *habeas corpus ad prosequendum* and he was transported to Erie County Prison so that he could appear before the Court of Common Pleas of Erie County for the remanded proceedings in Criminal Case No. 2. (DOC Moves Report, Def.'s Ex. 10, ECF No. 64-2 at 2).

Plaintiff's criminal trial was initially scheduled for March 11, 2013, but it was continued until July 22, 2013. (Criminal Docket, Def's Ex. 3, ECF No. 64-1 at 14). Sometime in February/March 2013, Plaintiff called Defendant Davis, who had been his parole agent, and asked about the removal of the Board's detainer because he was approaching his original maximum sentence date for Criminal Conviction No. 1. Davis informed Plaintiff that he was not sure he had the authority to lift the detainer.[2] He also explained to Plaintiff that even if the Board detainer was removed, Plaintiff would still have to post bail in Criminal Case No. 2 in order to be released from jail. (Def.'s Ex. 19, Davis Decl. ¶¶ 6-9, ECF No. 64-2 at 25; ECF No. 33, ¶ 26).

By way of a letter dated March 8, 2013, Plaintiff's attorney sent a copy of the Superior Court's order to the Board's secretary, Kimberly Barkley. Counsel stated in the letter: "I believe it is appropriate

---

[2] Defendants state that Davis did not have the authority to remove the detainer against Plaintiff because once Plaintiff was no longer a "Convicted Parole Violator," his status was that of a "Parole Violator Pending" and, therefore, the Board would have to act regarding Plaintiff's case. (See 3/11/13 Board Decision, Def.'s Ex. 5, ECF No. 64-1 at 52; Inmate Moves Report, Def's Ex. 10, ECF No. 64-2 at 2).

for the Board to vacate its November 14, 2011 decision and reinstate the original parole term and times. [Plaintiff] looks forward to receiving a new Green Sheet." (3/8/13 Letter, Pl.'s Ex. at ECF No. 55-1 at 19). Plaintiff's attorney did not complain that the Board's failure to remove the detainer by that date was preventing Plaintiff from being released to his liberty.

On March 11, 2013, three days after Plaintiff's attorney sent her letter, the Board issued a decision in which it modified Plaintiff's maximum sentence date to its original date of February 11, 2013, to reflect the fact that his conviction at Criminal Case No. 2 was vacated by the Superior Court. (Notice of Board Decision, Def.'s Ex. 5, ECF No. 64-1 at 52). On March 20, 2013, Plaintiff's attorney sent a letter to Sylvia Gibson, the Deputy Superintendent for Centralized Services at SCI Somerset in which she wrote:

> Enclosed is a copy of [Plaintiff's] March 11, 2013 Board of Probation and Parole decision. As you can see, the Board Action of November 2011 was rescinded and the April 2012 Board Action was modified. [Plaintiff's] max date is now recalculated to February 11, 2013. As that date passed over a month ago, it is believed that the current DOC hold is inappropriate and should be lifted.
>
> Please address this situation as soon as possible.

(3/20/13 Letter, Pl.'s Ex. at ECF No. 55-1 at 26).

The parties do not dispute that the Board lifted its detainer no later than March 22, 2013, which was within two days of the date that Plaintiff's attorney mailed her letter to Gibson. On that same date, the trial court in Criminal Case No. 2 issued an order directing that the bail in that case "*shall remain as set* at $100,000 straight." (3/22/13 Order, Pl.'s Ex. at ECF No. 67-1 at 3). Plaintiff did not post bail until June 27, 2013. (Criminal Docket, Def.'s Ex. 3, ECF No. 64-1 at 33-36). On that date, he was released to his liberty.

Plaintiff's trial in Criminal Case No. 2 began on July 22, 2013. A jury found him guilty and on July 24, 2013, the court revoked his bail. (Criminal Docket, Def.'s Ex. 3, ECF No. 64-1 at 36). The court

8

sentenced him as follows: 8 ½ to 17 years on the rape count; 16 to 32 months on the unlawful restraint count; 16 to 32 months on the terroristic threats count; 16-38 months on the possessing instruments of crime count; and 12 to 24 months on the simple assault count.

The Board subsequently issued an Order to Recommit Plaintiff as a Convicted Parole Violator and set his parole violation maximum date as June 26, 2014. (8/19/15 Notice of Board Decision, Def's Ex. 17, ECF No. 64-2 at 19). The Board has given him sentencing credit for his backtime from June 29, 2010 to March 22, 2013 (a period of 997 days). There is no dispute that Plaintiff received sentencing credit for all the time at issue here in which he was incarcerated.

**D.     Discussion**

In the amended complaint, Plaintiff contends that his Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendment rights were violated from February 11, 2013 (his original parole maximum date) to March 22, 2013 (the date upon which the Board lifted its detainer). Each of Plaintiff's claims is premised upon his contention that he was entitled to his liberty between those dates. Defendants move for summary judgment on all claims because Plaintiff's contention that he was entitled to his liberty is incorrect. Plaintiff moves for summary judgment because he insists that the Board should have lifted its detainer on February 11, 2013, and that if it would have, he would have been released to his liberty on that date.

Defendants are entitled to summary judgment and Plaintiff is not. As set forth above, in late January 2013, the Superior Court's order vacating Plaintiff's judgment of sentence in Criminal Case No. 2 and remanding for further proceedings became final and was docketed with the trial court. At that time, Plaintiff's status with respect to Criminal Case No. 2 reverted to that of a pretrial detainee. See Commonwealth v. James, 486 A.2d 376, 379 (Pa. 1985) (when reprosecution not barred after decision

9

by the Superior Court, the criminal proceedings revert to a pretrial status). See also Tourscher v. McCullough, 184 F.3d 236, 241-42 (3d Cir. 1999). Therefore, during the dates in question in this litigation, Plaintiff was in custody pursuant to both the $100,000 bail set in Criminal Case No. 2 on June 29, 2010, and the Board detainer. See Martin v. Pennsylvania Bd. of Prob. and Parole, 840 A.2d 299, 303 (Pa. 2003) (when an offender is held on new criminal charges as well as a detainer lodged by the Board, the offender is confined for both offenses). He did not post bail in Criminal Case No. 2 until June 27, 2013. Plaintiff was not entitled to be released until that date and the fact that the Board did not lift its detainer until on or around March 22, 2013, did not result in him being incarcerated when he should not have been.

Based on the foregoing, Defendants' motion for summary judgment on all claims is granted and Plaintiff's motion for summary judgment is denied.

An appropriate Order is attached.


September 28, 2016
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG BUCKNER,<br>    Plaintiff,<br><br>v.<br><br>TERRY DOUGLASS, et al.,<br>    Defendants. | Civil Action No. 13-327 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## **ORDER**

AND NOW, this 28th day of September, 2016, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment [ECF No. 55] is DENIED and Defendants' motion for summary judgment [ECF No. 61] on all claims is GRANTED. The Clerk of Court shall mark this case CLOSED.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. mail to Plaintiff at his address of record